```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/7/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANA MARTINEZ,

                          **Plaintiff,**

          - against -

CITY OF NEW YORK, et al.,

                         **Defendants.**

**REPORT AND RECOMMENDATION**

**09 Civ. 8996 (RJH) (RLE)**

**To the HONORABLE RICHARD J. HOLWELL, U.S.D.J.:**

By Order dated September 8, 2010, Plaintiff Ana Martinez was directed to **SHOW CAUSE** by September 20, 2010, why this case should not be dismissed. Martinez failed to respond to the Order.

For the reasons which follow, I recommend that the case be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

## I. PROCEDURAL HISTORY

Martinez commenced this action on October 26, 2009, and service on Defendants City of New York ("the City") and the New York City Health and Hospitals Corporation ("HHC") was executed between October 26, 2009, and November 25, 2009. Defendants City and HHC filed their Answer on February 19, 2010. On March 18, 2010, this Court held a status conference for which Plaintiff's counsel, David Calendar, failed to appear. Defendant Brian Ellis was served between March 18, 2010, and March 25, 2010, and filed an Answer and Counterclaim on May 21, 2010. A status conference was held before this Court on May 11, 2010, at which it was determined that Ellis would waive his defenses based on late service and that the Parties would proceed with discovery.

On July 21, 2010, Ellis's counsel, Adam Mehrfar, sent a facsimile to Calendar informing him that Ellis had received no Answer to his Counterclaim. (Aff. of Adam Mehrfar ("Mehrfar Aff.") ¶ 4, Oct. 5, 2010.) Calendar responded by telephone, blaming his failure to respond on a lack of proficiency with the Electronic Court Filing ("ECF") system. (*Id.* ¶ 5.) Martinez still has not filed an Answer to Ellis' counterclaims. Although Mehrfar has since received some communication from someone claiming to be an employee of Calendar, he has received no communication from Calendar himself since July. (*Id.* ¶¶ 7-12.)

On July 22, 2010, the City and HHC served a First Combined Set of Interrogatory and Document Requests on Martinez, advising her that she had thirty days to respond. (Aff. of Rebecca Hirschklau ("Hirschklau Aff.") ¶ 3, Sept. 30, 2010.) On August 10, 2010, the City and HHC served a Notice of Deposition on Martinez, noticing her deposition for September 2, 2010. (*Id.* ¶ 4). Martinez never responded to any of Defendants' requests and failed to appear for her deposition. (*Id.* ¶¶ 5, 7.) Calendar failed to respond to numerous attempts by Defendants' counsel, Rebecca Hirschklau ("Hirschklau"), to contact him regarding these issues. (*Id.* ¶¶ 5-10).

On September 7, 2010, this Court held another status conference at which Calendar once again failed to appear, and subsequently issued the **ORDER TO SHOW CAUSE**. On September 20, 2010, Calendar called the Court to determine whether he should appear in person or submit a written response to the **ORDER TO SHOW CAUSE**. He was told to prepare a written response. The Court has received no documents from Martinez since, and attempts to contact Calendar have been unsuccessful.

## II. ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure provides, in relevant part, "[f]or failure of the plaintiff to prosecute or to comply with [. . .] any order of court, a defendant may

2

move for dismissal of an action or of any claim against the defendant." Under Rule 41(b), plaintiff has an obligation to diligently prosecute his case. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982); *see also Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993). Thus, "[c]ompletely aside from his failure to comply with the order, a dismissal is justified for [plaintiff's] failure to prosecute at all." *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 667 (2d Cir. 1980).

A district court has the inherent power to dismiss a case with prejudice for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962). The Supreme Court explained that such authority is governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630-31.

In the instant case, the record indicates that in failing to respond to any discovery requests or to Ellis' counterclaims, Martinez has failed to defend and otherwise pursue her claim. She has failed to comply with this Court's order directing her to show cause why her complaint should not be dismissed, and has failed to otherwise contact the Court. Therefore, the Court concludes that Martinez's noncompliance warrants dismissal of the action. Given that much of Martinez's failure seems attributable to attorney error, the Court deems it proper in this case that dismissal be without prejudice.

### III. CONCLUSION

For the reasons above, I recommend that the case be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written

objections to ths Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Richard J. Holwell, 500 Pearl Street, Room 1950, and to the chambers of the undersigned, Room 1970. Failure to file timely objects shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); FED. R. CIV. P. 72, 6(a), 6(d).

Dated: October 7, 2010
New York, New York

Respectfully Submitted,

*/s/ Ronald L. Ellis*

The Honorable Ronald L. Ellis
United States Magistrate Judge